# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

|  |  |  |
|---|---|---|
| MONTANA ENVIRONMENTAL INFORMATION CENTER; CITIZENS FOR CLEAN ENERGY; and SIERRA CLUB; | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 07-1311 (JR) |
| CHUCK CONNOR, in his official capacity as acting Secretary of Agriculture;[1]/ JAMES ANDREW, in his official capacity as Administrator, Rural Utilities Service; and RICHARD FRISTIK, in his official capacity as Senior Environmental Protection Specialist, Rural Utilities Service; | ) ) ) ) ) ) ) ) | |
| Federal Defendants, | ) ) ) | |
| and | ) ) | |
| SOUTHERN MONTANA ELECTRIC GENERATION & TRANSMISSION COOPERATIVE, INC., | ) ) ) ) | |
| Defendant-Intervenor. | ) ) ) | |

---

## FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, defendants Chuck Connor in his

official capacity as acting Secretary of Agriculture, James Andrew in his official capacity as

Administrator of the Rural Utilities Service ("RUS"), and Richard Fristik in his official capacity as

---

[1]/    Mike Johanns resigned as Secretary of Agriculture on September 19, 2007. Acting Secretary of Agriculture Chuck Connor automatically replaces him as a defendant pursuant to Fed. R. Civ. P. 25(d)(1).

Senior Environmental Protection Specialist for RUS (collectively, "Federal Defendants"), by and through their undersigned counsel, submit the following Answer to the allegations in Plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint"). The paragraph numbers in this Answer correspond to the paragraph numbers in Plaintiffs' Complaint.

1.      The allegations in the first sentence of paragraph 1 are Plaintiffs' characterization of their case, to which no response is required. The allegations in the second and third sentences are characterizations of the Supreme Court's decision in *Massachusetts v. EPA*, 127 S. Ct. 1438 (2007), the President's proposed 2008 budget, and unspecified congressional legislation, which speaks for itself and is the best evidence of its contents. The allegations in the fourth sentence of paragraph 1 consist of Plaintiffs' argumentative characterizations, to which no response is required. To the extent a response is required, Federal Defendants admit that the Rural Utilities Service is an agency within the United States Department of Agriculture. The remaining allegations in the fourth sentence of paragraph 1 are denied.

2.      Federal Defendants deny the allegations in the first sentence of paragraph 2, except insofar as Federal Defendants admit that RUS has agreed to participate, subject to loan approval, in funding the Highwood Generating Station at a site near Salem, Montana. Federal Defendants admit the allegations in the second sentence of paragraph 2. Federal Defendants deny the allegations in the third sentence of paragraph 2, except insofar as Federal Defendants admit that as of the date of this Answer, RUS has received loan guarantee applications for a 600 megawatt ("MW") plant in Missouri, a 385-MW plant in Wyoming, a 750-MW plant in Florida, and one 278-MW coal plant in Kentucky. Federal Defendants further admit that RUS has approved financing for a second 278-

-2-

MW coal plant in Kentucky, and that each of the above-mentioned plants would be expected to emit more than 2.8 million tons of greenhouse gases

3.    The allegations in the first, second, third, fourth, and fifth sentences of paragraph 3 are argumentative characterizations of fact and conclusions of law, to which no response is required. To the extent a response is required, the allegations in the first, second, third, fourth, and fifth sentences of paragraph 3 are denied.  The allegations in the sixth sentence of paragraph 3 are Plaintiffs' characterization of their case, to which a response is not required.

4.    The allegations in paragraph 4 are Plaintiffs' characterization of their case and conclusions of law to which no response is required.

5.    The allegations in paragraph 5 are conclusions of law to which no response is required.

6.    In response to the allegations in paragraph 6, Federal Defendants admit that Administrator Andrew, Acting Secretary Connor, and Senior Environmental Protection Specialist Fristik reside in the District of Columbia for purposes of venue.  The remaining allegations in paragraph 6 are conclusions of law to which no response is required.

7.    Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 7 and therefore deny the allegations therein.  The allegations in the third sentence of paragraph 7 are Plaintiffs' characterization of an unspecified Federal court case, whose public docket speaks for itself and is the best evidence of any characterization of that litigation.

8.    Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore deny the allegations therein, except that

Federal Defendants admit that plaintiff Montana Environmental Information Center has submitted comments during the administrative process for the Highwood Generating Station Environmental Impact Statement ("EIS").

9.      Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore deny the allegations therein.

10.      Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore deny the allegations therein.

11.      Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of paragraph 11 and therefore deny the allegations therein.  Federal Defendants deny the allegations in the fourth sentence of paragraph 11.

12.      Federal Defendants are without knowledge or information sufficient to form a belief as to the first sentence of paragraph 12 and therefore deny the allegations therein.  Federal Defendants deny the allegations in the second sentence of paragraph 12.

13.      Federal Defendants deny the allegations in the first sentence of paragraph 13, except insofar as Federal Defendants admit that at the time of the filing of the Complaint, Mike Johanns was the United States Secretary of Agriculture.  Federal Defendants state that Mike Johanns resigned as Secretary of Agriculture on September 19, 2007, and was replaced by Acting Secretary of Agriculture Chuck Connor.  The allegations in the second sentence of paragraph 13 are Plaintiffs' characterization of their lawsuit, to which no response is required.

14.     Federal Defendants admit the allegations in the first and second sentences of paragraph 14.  The allegations in the third sentence of paragraph 14 are Plaintiffs' characterization of their lawsuit, to which no response is required.

15.     Federal Defendants admit the allegations in the first and second sentences of paragraph 15.  The allegations in the third sentence of paragraph 15 are Plaintiffs' characterization of their lawsuit, to which no response is required.

16.     Federal Defendants deny the allegations in the first sentence of Paragraph 16, except insofar as Federal Defendants admit that the Rural Electrification Administration, the predecessor to RUS, was created by President Roosevelt in 1935.  The allegations in the second and third sentences of paragraph 16 are argumentative characterizations to which no response is required.  To the extent a response is required, the allegations in the second and third sentences of paragraph 16 are denied.  Federal Defendants deny the allegations in the fourth sentence of paragraph 16 except insofar as Federal Defendant admit that if the city of Great Falls decides to participate in owning the Highwood Generating Station, then the plant would serve the city of Great Falls; however, Federal Defendants state that RUS would not the fund the portion of the plant owned by the city of Great Falls.  Federal Defendants further admit that the plant would serve rural Montana.

17.     Federal Defendants admit that RUS provides financing for electric cooperatives and that RUS has received applications for seven new coal plants.  The remaining allegations in paragraph 17 are argumentative characterizations to which no response is required.  To the extent a response is required, the remaining allegations in paragraph 17 are denied.

18.     The allegations in paragraph 18 are Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no response is required.  Federal

Defendants admit that the coal plants for which they have received applications would emit greenhouse gases, mercury, and particulate matter smaller than 2.5 microns ("$PM_{2.5}$"). To the extent a response is required, the remaining allegations in paragraph 18 are denied.

19.     The allegations in paragraph 19 consist of conclusions of law to which no response is required and Plaintiffs' characterization of statutes and regulations which speak for themselves and are the best evidence of their contents.

20.     The allegations in paragraph 20 consist of conclusions of law to which no response is required and Plaintiffs' characterization of regulations which speak for themselves and are the best evidence of their contents.

21.     The allegations in paragraph 21 are Plaintiffs' characterization of the President's Proposed Budget for Fiscal Year 2008, which speaks for itself and is the best evidence of its contents.

22.     The allegations in paragraph 22 are Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in paragraph 22, except insofar as Federal Defendants admit that as of the date of this Answer, RUS has received loan guarantee applications for a 600-MW plant in Missouri, a 385-MW plant in Wyoming, a 750-MW plant in Florida, and one 278-MW coal plant in Kentucky. Federal Defendants further admit that RUS has approved financing for a second 278-MW coal plant in Kentucky.

23.     The allegations in paragraph 23 are Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in paragraph 23.

24.     In response to the allegations in the first sentence of paragraph 24, Defendants admit that on May 10, 2007, RUS issued a ROD agreeing to participate, subject to loan approval, in funding the Highwood Generating Station, proposed by Southern Montana Electric Generation and Transmission Cooperative ("SME").   In response to the allegations in the second sentence of paragraph 24, Federal Defendants admit that scoping began in Fall 2004.  Federal Defendants admit the third and fourth sentences of paragraph 24.  In response to the allegations in the fifth sentence of paragraph 24, Federal Defendants admit that Plaintiffs provided Senior Environmental Protection Specialist Fristik with comments on the final EIS ("FEIS").  The remaining allegations in paragraph 24 are Plaintiffs' characterizations of their comment and the ROD, which speaks for itself and is the best evidence of its contents, and argumentative characterizations, to which no response is required.

25.     Federal Defendants deny the allegations in paragraph 25, except insofar as Federal Defendants admit that RUS's final loan approval is contingent upon further financial analysis.

26.     Federal Defendants admit the allegations in the first, second, and third sentences of paragraph 26.  Federal Defendants deny the allegations in the fourth and fifth sentences of paragraph 26.

27.     Federal Defendants deny the allegations in the first sentence of paragraph 27, except insofar as Federal Defendants admit that the Highwood Generating Station would emit 2.8 million tons of greenhouse gases per year, including 2.1 million tons of carbon dioxide ("$CO_2$").  Federal Defendants admit the allegations in the third and fourth sentences of paragraph 27.  The allegations in the remainder of paragraph 27 are Plaintiffs' argumentative characterizations to which no response is required.

28.     The allegations in paragraph 28 are Plaintiffs' characterization of the Supreme Court's decision in *Massachusetts v. EPA*, 127 S. Ct. 1438 (2007), and various reports and sources, which speak for themselves and are the best evidence of their contents.

29.     The allegations in the first sentence of paragraph 29 are Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in the first sentence of paragraph 29.  Federal Defendants admit that according to a 1997 study by EPA, precipitation during the past century has decreased by up to 20 percent in many parts of the state.  The allegations in the remainder of paragraph 29 are Plaintiffs' characterizations of the FEIS, which speaks for itself and is the best evidence of its contents.

30.     The allegations in paragraph 30 are Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in paragraph 30.

31.     In response to the allegations in paragraph 31, Federal Defendants admit that the Highwood Generating Station would emit an estimated 944 tons per year of nitrogen oxides ("$NO_x$"), 443 tons per year of sulfur dioxide ("$SO_2$"), 1,117 tons per year of carbon monoxide, and 366 tons per year of particulate matter smaller than 10 microns ("$PM_{10}$").  The remaining allegations in paragraph 31 are Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no response is required.

32.     In response to the allegations in the first sentence of paragraph 32, Federal Defendants admit that RUS's analysis assumes that all 366 tons of $PM_{10}$ to be emitted from the Highwood Generating Station would consist of $PM_{2.5}$, the smallest class of particulates regulated under the

National Ambient Air Quality Standards ("NAAQS"). Federal Defendants admit the second and third sentences of paragraph 32. In response to the allegations in the fourth sentence of paragraph 32, Federal Defendants admit that after the issuance of the FEIS, the EPA issued a new regulation setting the NAAQS for $PM_{2.5}$. That regulation speaks for itself and is the best evidence of its contents. The remaining allegations in paragraph 32 are Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no response is required.

33.    Federal Defendants admit the allegations in the first sentence of paragraph 33. The allegations in the second, third, and fourth sentences of paragraph 33 are Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no response is required, and Plaintiffs' characterization of scientific studies which speak for themselves and are the best evidence of their contents. To the extent a response is required, Federal Defendants deny the allegations in the fourth sentence of paragraph 33.

34.    Federal Defendants admit the allegations in the first, third, fourth, fifth, sixth, and seventh sentences of paragraph 34. The allegations in the remaining allegations in paragraph 34 are Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no response is required. To the extent a response is required, Federal Defendants deny that additional mercury pollution from the Highwood Generating Station is a "major public health issue." A description of the mercury in the environment and a legally adequate analysis of impacts of the Highwood Generating Station on mercury levels was included in the FEIS, which speaks for itself, is the best evidence of its contents, and which will be produced as part of the Administrative Record for the parties and the Court and will be a subject of the parties' summary judgment briefing.

35.    The allegations in paragraph 35 are Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no response is required, and Plaintiffs' characterizations of modeling results, which speak for themselves and are the best evidence of their contents.  A description of the environmental setting and a legally adequate analysis of impacts of the Highwood Generating Station on public lands and visibility are contained in the FEIS, which speaks for itself, is the best evidence of its contents, and which will be produced as part of the Administrative Record for the parties and the Court and will be a subject of the parties' summary judgment briefing.

36.    In response to the allegations in paragraph 36, Federal Defendants admit that the Highwood Generating Station would pump up to a maximum of 3,200 gallons of water per minute out of the Missouri River, consuming approximately 3.91 million gallons of water per day.  The remaining allegations in paragraph 36 are Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no response is required.  To the extent a response is required, Federal Defendants deny the remaining allegations in paragraph 36.

37.    In response to the allegations in the remainder of paragraph 37, Federal Defendants admit that the Highwood Generating Station would produce about 225 tons of fly and bed ash slurry per day that would be placed on-site in monofills located above the Madison Aquifer, which feeds Giant Springs.  The remainder of the allegations in paragraph 37 are Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no response is required.  A description of the environmental setting and a legally adequate analysis of impacts of the Highwood Generating Station on soil and water resources are contained in the FEIS, which speaks for itself, is the best evidence of its contents, and which will be produced as part of the

-10-

Administrative Record for the parties and the Court and will be a subject of the parties' summary judgment briefing.

38.    Federal Defendants admit the allegations in the first sentence of paragraph 38. The allegations in the second sentences of paragraph 38 are Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no response is required. The allegations in the third sentence of paragraph 38 are conclusions of law to which no response is required.

39.    The allegations in the first sentence of paragraph 39 are Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the first sentence of paragraph 39. The allegations in the remainder of paragraph 39 are Plaintiffs' characterization of a report by the National Research Council of the National Academies, which speaks for itself and is the best evidence of its contents.

40.    Federal Defendants admit the allegations in the second sentence of paragraph 40. The third, fourth, and fifth sentences of paragraph 40 are Plaintiffs' characterization of a publication by United States Department of Agriculture, Natural Resources Conservation Service, which speaks for itself and is the best evidence of its contents. The allegations in the remainder of paragraph 40 are Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no response is required.   A description of the environmental setting and a legally adequate analysis of impacts of the proposed Highwood Generating Station on soil and water resources are contained in the FEIS, which speaks for itself, is the best evidence of its contents, and

which will be produced as part of the Administrative Record for the parties and the Court and will be a subject of the parties' summary judgment briefing.

41.     The allegations in the first sentence of paragraph 41 are Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no response is required.  To the extent a response is required, the allegations in the first sentence of paragraph 41 are denied.  Federal Defendants admit the allegations in the second sentence of paragraph 41.

42.     Federal Defendants admit the allegations in the first sentence of paragraph 42.  The allegations in the second, third, and fourth sentences of paragraph 42 are Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no response is required.  A description of the environmental setting and a legally adequate analysis of impacts of the proposed Highwood Generating Station on the Portage National Historic Landmark are contained in the FEIS, which speaks for itself, is the best evidence of its contents, and which will be produced as part of the Administrative Record for the parties and the Court and will be a subject of the parties' summary judgment briefing.  The fifth, sixth, and seventh sentences of paragraph 42 are Plaintiffs' characterization of a publication entitled *Secretary of the Interior's Report to the Advisory Council on Historic Preservation in Accordance with Section 213 of the National Historic Preservation Act: Evaluation fo the Proposed Highwood Generating Station on the Great Falls Portage National Historic Landmark* (2007) ("Park Service Report"), which speaks for itself and is the best evidence of its contents.

43.     The allegations in the first sentence of paragraph 43 are Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no

response is required.  To the extent a response is required, the allegations in the first sentence of paragraph 43 are denied.  The remainder of paragraph 43 consists of Plaintiffs' characterizations of the Park Service Report, which speaks for itself and is the best evidence of its contents.

44.     The allegations in paragraph 44 are Plaintiffs' characterizations of the Park Service Report, which speaks for itself and is the best evidence of its contents.

45.     In response to the allegations in the first sentence of paragraph 45, Federal Defendants admit that the executive director of the Advisory Council on Historic Preservation sent Administrator Andrew a letter of June 29, 2007.  The remaining allegations in paragraph 45 are Plaintiffs' characterizations of the June 29, 2007 letter, which speaks for itself and is the best evidence of its contents.

46.     The allegations in paragraph 46 are Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no response is required.  To the extent a response is required, the allegations in paragraph 46 are denied.

47.     The allegations in paragraph 47 are Plaintiffs' characterizations of SME's funding application, which speaks for itself and is the best evidence of its contents, and Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no response is required.  Federal Defendants state that SME seeks federal funding to acquire a 100% interest in the Highwood Generating Station, which corresponds to 215 MW of power. Federal Defendants deny that RUS has failed to account for actual demand or true costs of constructing the Highwood Generating Station.

48.     The allegations in the first sentence of paragraph 48 are Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no

response is required.  Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 48 and therefore deny the allegations therein.   The remainder of the allegations in paragraph 48 are Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no response is required, and Plaintiffs' characterizations of unspecified data from the Department of Energy, which speak for themselves and are the best evidence of their content.

49.    The allegations in paragraph 49 are Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no response is required, and Plaintiffs' characterizations of unspecified data from the Department of Energy, which speak for themselves and are the best evidence of their content.  Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of paragraph 49 and therefore deny the allegations therein.

50.    The allegations in paragraph 50 are Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no response is required, and Plaintiffs' characterizations of unspecified data from the Census Bureau, which speak for themselves and are the best evidence of their content.

51.    The allegations in paragraph 51 are Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no response is required, and Plaintiffs' characterizations of unspecified data from the Department of Energy and the Census Bureau, which speak for themselves and are the best evidence of their content.  Federal Defendants deny the allegations in the second and third sentences of paragraph 51.

52.    The allegations in paragraph 52 are Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no response is required. To the extent a response is required, the allegations in paragraph 52 are denied.

53.    The allegations in paragraph 53 are Plaintiffs' characterizations of the FEIS and record of decision ("ROD"), which speak for themselves and are the best evidence of their contents, and Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no response is required. Federal Defendants deny the allegations in the first sentence of paragraph 53.

54.    In response to the allegations in the third sentence of paragraph 54, Federal Defendants admit that SME's estimate of capital costs for the Highwood Generating Station has increased from $470 million in 2004, to $515 million in 2005, to $678 million in 2006. The allegations in the fourth, fifth, and sixth sentences of paragraph 54 are Plaintiffs' characterization of a financial assessment which speaks for itself and is the best evidence of its contents. The remaining allegations in paragraph 54 are Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no response is required.

55.    The allegations in paragraph 55 include Plaintiffs' characterization of an independent analysis and unspecified studies and cost forecasts, which speak for themselves and are the best evidence of their contents. The remaining allegations in paragraph 55 are Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no response is required.

56.    Federal Defendants admit the allegations in the first sentence of paragraph 56. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 56 and therefore deny the allegations therein.

57.    The allegations in the first and second sentences of paragraph 57 are Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in the first and second sentences of paragraph 57.  The allegations in the third and fourth sentences of paragraph 57 are Plaintiffs' characterizations of a report which speaks for itself and is the best evidence of its contents.  The allegations in the fifth sentence of paragraph 57 appear to be Plaintiffs' characterizations of an unnamed document which speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegations in the sixth sentence of paragraph 57.

58.    Federal Defendants deny the allegations in the first sentence of paragraph 58 except insofar as Federal Defendants admit that RUS has not issued a revised environmental analysis since the ROD.  The allegations in the second sentence of paragraph 58 are Plaintiffs' characterization of the May 10, 2007 ROD, which speaks for itself and is the best evidence of its contents.

59.    The allegations in the first sentence of paragraph 59 are Plaintiffs' characterization of the May 10, 2007 ROD, which speaks for itself and is the best evidence of its contents.  The allegations in the remainder of paragraph 59 are Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in the remainder of paragraph 59.

60.     Federal Defendants deny the allegations in the first and fifth sentences of paragraph 60. In response to the allegations in the second sentence of paragraph 60, Federal Defendants admit that during the scoping phase, they issued a public notice. The allegations in the remainder of paragraph 60 are Plaintiffs' characterization of the public notice and a site selection study, which speak for themselves and are the best evidence of their contents, and Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no response is required.

61.     In response to the allegations in the first sentence of paragraph 61, Federal Defendants admit that in mid-2006 they alerted the Advisory Council on Historic Preservation to the preferred alternative site's actual location. In response to the allegations in the second sentence of paragraph 61, Federal Defendants admit that the draft EIS analyzed in detail two siting alternatives. Federal Defendants deny the allegations in the third sentence of paragraph 61. The allegations in the remainder of paragraph 61 are Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the remainder of paragraph 61.

62.     The allegations in the first and second sentences of paragraph 62 are Plaintiffs' argumentative characterizations, which are inconsistent with the requirements of Rule 8(a) and to which no response is required, and characterizations of a report which speaks for itself and is the best evidence of its contents. To the extent a response is required, Federal Defendants deny the allegations in the first and second sentences of paragraph 62. The allegations in the third sentence of paragraph 62 are Plaintiffs' characterization of meeting notes which speak for themselves and are the best evidence of their contents.

63-71. The allegations in paragraphs 63 to 71 are conclusions of law to which no response is required.

72.     Federal Defendants hereby reallege and incorporate their responses to paragraphs 1 through 69

73.     The allegations in paragraph 73 are conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in paragraph 73.

74.     The allegations in paragraph 74 are conclusions of law to which no response is required.

75.     The allegations in paragraph 75 are conclusions of law to which no response is required. Federal Defendants deny that the EIS violated NEPA or its implementing regulations.

76.     Federal Defendants hereby reallege and incorporate their responses to paragraphs 1 through 73.

77.     Federal Defendants deny the allegations in paragraph 77.

78.     The allegations in paragraph 78 are conclusions of law to which no response is required.

79.     The allegations in the first and second sentences of paragraph 79 are Plaintiffs' characterization of the EIS and ROD, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in the remainder of paragraph 79.

80.     Federal Defendants hereby reallege and incorporate their responses to paragraphs 1 through 77.

81.     Federal Defendants deny the allegations in paragraph 81.

82.    The allegations in the first and fifth sentences of paragraph 82 are conclusions of law to which no response is required.  The allegations in the second and third sentences of paragraph 82 consist of Plaintiffs' characterizations of the FEIS and ROD, which speak for themselves and are the best evidence of their contents.  The allegations in the fourth sentence of paragraph 82 are argumentative characterizations to which no response is required.  To the extent a response is required, the allegations in the fourth sentence of paragraph 82 are denied.

83.    Federal Defendants hereby reallege and incorporate their responses to paragraphs 1 through 80.

84.    Federal Defendants deny the allegations in paragraph 84.

85.    The allegations in paragraph 85 are Plaintiffs' argumentative characterizations of fact and law, which are inconsistent with the requirements of Rule 8(a) and to which no response is required, characterizations of documents which speak for themselves and are the best evidence of their contents, and conclusions of law to which no response is required.  Federal Defendants deny that NEPA requires RUS to "revisit" the EIS in this case.

86.    In response to the allegations in the first sentence of paragraph 86, Federal Defendants admit that RUS has received a report from the Department of the Interior.  The remainder of the allegations in the first sentence of paragraph 86 are Plaintiffs' characterization of that report, which speaks for itself and is the best evidence of its contents.  The allegations in the second sentence of paragraph 86 are conclusions of law to which no response is required.  Federal Defendants deny that NEPA requires RUS to "revisit" the EIS in this case.

87.    The allegations in paragraph 87 are conclusions of law to which no response is required.  Federal Defendants deny that NEPA requires RUS to issue a supplemental EIS.

88.    Federal Defendants hereby reallege and incorporate their responses to paragraphs 1 through 73.

89.    The allegations in paragraph 89 are Plaintiffs' argumentative characterizations of fact and law, which are inconsistent with the requirements of Rule 8(a) and to which no response is required, and Plaintiffs' characterizations of documents which speak for themselves and are the best evidence of their contents.  Federal Defendants deny that RUS violated NEPA or that the FEIS failed to take a "hard look" at potential environmental impacts from the Highwood Generating Station.

90.    The allegations in paragraph 90 are Plaintiffs' argumentative characterizations of fact and law, which are inconsistent with the requirements of Rule 8(a) and to which no response is required, and characterizations of the EIS, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny that RUS violated NEPA.

91.    Federal Defendants hereby reallege and incorporate their responses to paragraphs 1 through 88.

92.    Federal Defendants deny the allegations in paragraph 92.

93.    The allegations in paragraph 93 are conclusions of law to which no response is required.

94.    The allegations in paragraph 94 are characterizations of the EIS, which speaks for itself and is the best evidence of its contents, conclusions of law to which no response is required, and argumentative characterizations of fact and law, which are inconsistent with the requirements of Rule 8(a) and to which no response is required.  Federal Defendants deny that RUS violated NEPA.

95.     Federal Defendants hereby reallege and incorporate their responses to paragraphs 1 through 92.

96.     Federal Defendants deny the allegations in paragraph 96.

97.     The allegations in paragraph 97 are conclusions of law to which no response is required.

98.     The allegations in paragraph 98 are argumentative characterizations which are inconsistent with the requirements of Rule 8(a) and to which no response is required, and characterizations of documents containing RUS's "representations," which speak for themselves and are the best evidence of their contents.

99.     The allegations in paragraph 99 are argumentative characterizations of fact and law, which are inconsistent with the requirements of Rule 8(a) and to which no response is required, and conclusions of law to which no response is required.

The remaining allegations on pages 33-34 of Plaintiffs' Complaint, which come under the heading of "REQUEST FOR RELIEF," are Plaintiffs' characterization of the relief they seek, to which no response is required.  To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief they request, or to any relief whatsoever.

## **AFFIRMATIVE DEFENSE**

In addition, Federal Defendants raise the following affirmative defense:

Plaintiffs' seventh cause of action is not ripe for judicial review.

//

//

//

## <u>CONCLUSION</u>

WHEREFORE, Federal Defendants deny each an every allegation in Plaintiffs' Complaint

to which they have not already responded.  Federal Defendants request that the Court deny Plaintiffs

the relief they request, dismiss Plaintiffs' Complaint with prejudice, and enter judgment for Federal

Defendants.

Dated: October 5, 2007                                      Respectfully submitted,

                                                                                RONALD J. TENPAS
                                                                                Acting Assistant Attorney General
                                                                                Environment and Natural Resources Division

                                                                                _____/s/ Brian C. Toth_____
                                                                                BRIAN C. TOTH
                                                                                Trial Attorney
                                                                                Natural Resources Section
                                                                                Environment and Natural Resources Division
                                                                                U.S. Department of Justice
                                                                                P.O. Box 663
                                                                                Washington, D.C. 20044-0663
                                                                                Telephone:  202-305-0639
                                                                                Facsimile:  202-305-0506
                                                                                Email:  brian.toth@usdoj.gov

*Of counsel*:

TERENCE M. BRADY
Assistant General Counsel
HELEN HARRIS
Attorney
Rural Utilities Division
Office of General Counsel
United States Department of Agriculture

                                                                                Attorneys for Federal Defendants

-22-

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2007, I electronically filed the foregoing FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Lawrence R. Liebesman
lliebesman@hklaw.com

Douglas L. Honnold
dhonnold@earthjustice.org, chuang@earthjustice.org, kregnier@earthjustice.org

I also certify that the document will be served upon the following non-CM/ECF participants:

None required.

_____/s/ Brian C. Toth_____
BRIAN C. TOTH
Trial Attorney
Natural Resources Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Telephone:  202-305-0639
Facsimile:  202-305-0506
Email:  brian.toth@usdoj.gov

Attorney for Federal Defendants